

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,463

### EX PARTE ALLEN WAYNE PORTER Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 582820 IN THE 248TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life years' imprisonment. The First Court of Appeals affirmed his conviction. *Porter v. State*, No. 01-91-00454-CR (Tex. App.–Houston [1ˢᵗ Dist.], delivered July 16, 1992).

Applicant was convicted solely on eyewitness testimony. The eyewitnesses testified that three assailants committed the offense in this case. Applicant contends that he is actually innocent

and offers newly discovered evidence in the form of fingerprint evidence which indicates someone other than Applicant was present at the scene of the crime. In addition, a hearing on Applicant's habeas corpus application was held at which two of the three assailants who committed this offense testified that Applicant was not a participant, but rather, the individual whose fingerprints were found at the scene was the third assailant. Finally, a former girlfriend of one of the assailants testified that she drove three individuals to the scene of the crime on the night of the offense in this case, but Applicant was not one of them.

The trial court entered findings of fact and conclusions of law recommending that relief be granted because Applicant has proven by clear and convincing evidence that, despite the evidence of guilt that supports the underlying conviction, no reasonable juror could have found Applicant guilty in light of the newly discovered evidence presented at the hearing on Applicant's habeas corpus application. We agree. *See Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006).

Relief is granted. The judgment in Cause No. 582820 in the 248th Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 8, 2010
Do Not Publish